HILKE MARY TIETKEN, APPELLEE, v. JOHN F. TIETKEN, APPELLANT.

FILED APRIL 4, 1900. No. 9,699.

1. **Divorce:** EVIDENCE: EXTREME CRUELTY. Evidence examined, and found to support the decree of the trial court granting a divorce from the bonds of matrimony, on the ground of extreme cruelty practiced by the husband towards the wife.

2. ———: ———: ALIMONY. *Held*, also, that the evidence supports the judgment rendered, awarding the wife permanent alimony in the sum of $1,000.

APPEAL from the district court of Otoe county. Heard below before RAMSEY, J. *Affirmed.*

*John C. Watson, John V. Morgan* and *John W. Dixon,* for appellant:

The district court below, upon the evidence, certainly allowed excessive alimony in this case.

The court will consider the ability of the husband, the estate, the situation of the parties. *Small v. Small,* 28 Nebr., 843; *Cochran v. Cochran,* 42 Nebr., 612; *McGechie v. McGechie,* 43 Nebr., 523.

*Sloan & Moran, contra.*

HOLCOMB, J.

This cause is submitted upon briefs of counsel and a printed abstract of the record and evidence, as provided by rule 2.

The plaintiff instituted proceedings to obtain a divorce from defendant, from the bonds of matrimony, upon the grounds of excessive intoxication, habitual drunkenness, and extreme cruelty upon the part of, and practiced by, the defendant towards the plaintiff, and also for permanent alimony. The answer, except as to the allegation of the marriage, consists of a general denial. Upon the trial in the lower court, it was found that the charges in the petition of cruelty and drunkenness were true, and that the defendant had been guilty of extreme cruelty towards the plaintiff. A decree of divorce as prayed was granted and the plaintiff awarded $1,000 permanent alimony. From the decree defendant appeals. The plaintiff also complains of the amount awarded as alimony, which, it is urged, is inadequate, and not commensurate with plaintiff's equities, as disclosed by the evidence.

It is suggested by the defendant that the evidence is not sufficient to sustain the decree of divorce. With this contention we can not agree. While the testimony on

this branch of the case is limited, both as to the number of the witnesses testifying, and the transactions about which they speak, the evidence sustains the judgment. The defendant's excessive use of intoxicants is made to appear from the evidence, and while this of itself may not be sufficient to sustain the charge of habitual drunkenness, it was a contributory cause to the other charge, to-wit, that of extreme cruelty. That he was guilty of extreme cruelty, is, we are satisfied, fairly established by the uncontradicted evidence. It is shown that at different times he inflicted physical punishment and bodily injury upon his wife; in one instance, by striking her in the face with his fist with such force as to draw blood; in another instance, by striking her with a crutch carried by him. It also appears that at different times he threatened to abuse and maltreat the plaintiff, and was only prevented therefrom by others, or by plaintiff escaping from him. There need be no hesitancy in pronouncing the evidence sufficient to support the decree of divorce on the ground of extreme cruelty. *Walton v. Walton*, 57 Nebr., 102; *Berdolt v. Berdolt*, 56 Nebr., 792; *Vocacek v. Vocacek*, 16 Nebr., 453.

The parties were married in 1890, and lived together only about six and a half years. Each had been married before. The plaintiff was fifty-six years of age, and the defendant was sixty-three, at the time of the divorce proceedings in 1897.

It appears that the defendant is a cripple, having lost a foot in a railroad accident, and was obliged to use crutches. The trial court found that the value of his property was $9,679, and "that, in consideration of the physical condition of the defendant and ability to perform manual labor and earn subsistence and support by labor or otherwise," permanent alimony should be awarded in the sum of $1,000. Defendant's property consisted principally of a farm of 160 acres in Otoe county, and a half interest in a farm of 160 acres in Nemaha county. Different witnesses valued the lands at from $30

to $45 per acre. There was some evidence of an incumbrance by way of a trust deed upon the home farm, which the defendant claimed was for the benefit of his two sons, then 24 and 26 years of age respectively. The trust deed was executed in 1870, and on its face was given to secure a note of $3,000 in favor of one Otto, therein named as beneficiary. If the ages of the sons were correctly given, they were not yet born at the time the trust deed was executed. It was barred by the statutes, and we think the court rightly disregarded it in determining the value of the defendant's property and his ability to pay alimony. The evidence was insufficient to establish as against the wife's right to alimony, the alleged obligation to his sons as a valid and legal incumbrance on the land. While the defendant is entitled to much consideration because of his age and physical condition, we are not unmindful of the claims of the plaintiff for alimony, growing out of the marriage relations existing between them. She, too, has equities in her favor, which are also to be kept in view. The sum awarded by the trial court, is, if erroneous at all, inadequate and not commensurate with the defendant's ability to pay and the property owned by him. The defendant's contention for a reduction in the amount of alimony awarded is, under the evidence, untenable. The judgment of the lower court is affirmed, with interest on the amount allowed as alimony at the rate of 7 per cent from the date of the decree. An order will be entered in this court for the payment of the alimony in four equal installments, in three, six, nine and twelve months respectively from this date.

JUDGMENT ACCORDINGLY.